**The below described is SIGNED.**

Dated: July 13, 2012


**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Jeffrey A. Heil and Paula M. Heil,<br><br>Debtors, | Bankruptcy Number: 03-38566<br><br>Chapter 11<br><br>Judge R. Kimball Mosier |
| Jeffrey A. Heil and Paula M. Heil,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A., and Etitle Insurance Agency, LLC, as Trustee,<br><br>Defendants. | Adversary Proceeding No. 11-2568 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The hearing on the motion of Jeffrey A. Heil and Paula M. Heil (Debtors) came before the Court on June 21, 2012. The Debtors' motion, which is captioned as a motion to withdraw complaint filed on August 9, 2011 without prejudice, will be treated by the Court as a motion to dismiss this adversary proceeding without prejudice. Paula M. Heil appeared, *pro se*, on behalf of the Debtors. Douglas P. Farr of Snell & Wilmer L.L.P., appeared on behalf of Wells Fargo

Bank (Wells Fargo). The Debtors' motion to dismiss sought additional relief in addition to dismissal of the adversary proceeding including an order directing the return of $55,000 to the Debtors which is presently held in escrow by Lundberg & Associates, attorneys for Wells Fargo.

Wells Fargo filed a limited objection arguing that it had no objection to dismissal of the adversary proceeding without prejudice, but that it objected to any additional relief sought by Debtors in their motion.

## FINDINGS OF FACT

1. On October 30, 2003, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On December 5, 2003, as amended on January 9, 2004, Wells Fargo filed its proof of claim in the amount of $148,777.83.

3. On January 24, 2006, the Court confirmed the Debtors' Chapter 11 Plan of Reorganization (Plan).

4. Incorporated into the Plan as "Exhibit B" is a letter agreement between the Debtors and Wells Fargo, dated December 19, 2005 (Letter Agreement).

5. Pursuant to the Letter Agreement, the Plan was confirmed "reserving the disputed claim of Wells Fargo Bank. The automatic stay will be lifted and the parties will be free to exercise their non-bankruptcy remedies in resolving the claim."

6. The letter agreement further provides that "Wells Fargo Bank agrees to a moratorium on initiating continued foreclosure proceedings for a period of 45 days following the date upon which the Confirmation Order becomes final."

7. Eventually, Wells Fargo scheduled a foreclosure sale for August 11, 2011.

8. Two days before the sale, on August 9, 2011, the Debtors filed this adversary proceeding seeking to enjoin the "improper Pending Trustee's Sale."

9. A hearing was conducted before this Court on August 9, 2011 wherein the Debtors proposed to wire the sum of $55,000 to and escrow account held by Lundberg & Associates, attorneys for Wells Fargo. In exchange, Wells Fargo agreed to postpone the scheduled foreclosure sale for 30 days.

10. After a short recess during the hearing of August 9, 2011, the Debtors and Wells Fargo represented to the Court that a stipulation had been reached providing for the transfer of $55,000 from the Debtor's to an escrow account held by Lundberg & Associates and that Wells Fargo agreed to postpone the foreclosure sale.

11. Although it was discussed at the hearing of August 9, 2011, the parties stipulation was never presented to the Court for approval, the Court did not approve or deny the stipulation, and there is no Order of the Court addressing the parties' stipulation in the Court's docket.

12. At the hearing of August 9, 2011, the Court found that "the only jurisdiction that the Court has arises under the plan and the terms of the plan, and that would be limited to determining the amount of Wells Fargo's claim."

13. The Court finds that the determination of the amount of Wells Fargo's claim is not dependant on or related to the parties' stipulation relating to the $55,000 held in escrow and that appropriate relief is available to the parties concerning the $55,000 held in escrow under state law.

3

## CONCLUSIONS OF LAW

1. The terms of the Debtors' confirmed plan are binding upon the Debtors and upon Wells Fargo *In re Laing*, 31 F.3d 1050 (10th Cir. 1994), and the Order confirming plan is not subject to collateral attack. *In re Talbot*, 124 F.3d 1201 (10th Cir. 1997).

2. The Plan, as modified by Exhibit "B" to the Plan, specifically provided that with respect to the disputed claim of Wells Fargo, that "[t]he automatic stay will be lifted and the parties will be free to exercise their non-bankruptcy remedies in resolving the claim."

3. Although the Plan permitted the determination of the amount of Wells Fargo's claim by this Court, the Plan provided for termination of the automatic stay so that the parties could exercise their non-bankruptcy remedies in resolving the claim of Wells Fargo.

4. Any dispute between the parties concerning the right or entitlement to the $55,000 held in escrow, and any other dispute between the parties should be determined under non-bankruptcy law.

5. Based upon the motion of the Debtors, and there being no objection to the motion, and for good cause, the Court finds that this adversary proceeding should be dismissed.

-------------------------------------------------End of Document-----------------------------------------------

_____ooo0ooo_____

## SERVICE LIST

   Service of the foregoing Findings of Fact and Conclusions of Law will be effected through the Bankruptcy Noticing Center to the parties listed below

Jeffrey A. Heil
Paula M. Heil
4200 West 190 North
P.O. Box 1318
Parowan, UT 84761

Jeffrey A. Heil
Paula M. Heil
P.O. Box 21
Yucca Valley, CA 92286

Douglas Farr
Snell & Wilmer L.L.P.
15 West South Temple
Salt Lake City, UT 84101